IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| State of South Carolina, | ) | C/A No. 3:17-1811-JFA-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Ariel Feyetta Tucker, | ) | |
| Defendant. | ) | |

Ariel Feyetta Tucker, proceeding *pro se*, filed this Amended Notice of Removal from the City of Columbia Municipal Court purporting to remove matters 20170610113832 and 20170610113833 in which she is the defendant. (ECF No. 2.) The Amended Notice of Removal has been filed pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Amended Notice of Removal and accompanying documents in accordance with applicable law, the court concludes this matter should be remanded.

I.  **Factual and Procedural Background**

Tucker indicates she has outstanding traffic tickets from the City of Columbia for failure to possess a vehicle registration card and failure to maintain proof of insurance. The traffic violations occurred on May 25, 2017, and the tickets indicate her trial date was on June 8, 2017. She seeks to remove the state action to this court, arguing it presents federal questions.[1]

---

[1] The court notes the Amended Notice of Removal purports to raise various legal issues but the court is unable to comprehend the legal arguments presented therein.



**II. Discussion**

To the extent Tucker seeks to remove these municipal traffic court matters,[2] the court notes criminal defendants may only remove state criminal prosecutions to federal court in rare circumstances. See 28 U.S.C. §§ 1442 (criminal prosecutions against federal agencies and officers), 1442(a) (criminal prosecution against members of the armed services), & 1443 (denial of racial equality in state criminal prosecutions). Federal law requires:

> A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1455(a). A notice of removal must also include the grounds for such removal, and a failure to state grounds that exist at the time of the filing of the notice constitutes waiver of such grounds. 28 U.S.C. § 1455(b)(2).

Tucker does not contend that her attempted removal of her state municipal court prosecution falls under any of the permissible circumstances enumerated by law. Rather, Tucker asserts the court has jurisdiction over this matter because it involves a federal question, which is not sufficient to meet the requirements for removal. See generally Johnson v. Mississippi, 412, U.S. 213, 219 (1975) ("Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice [for removal under § 1443]."); State v. Ivory, 906 F.2d 999, 1002 (4th Cir. 1990) ("The regulation of crime is pre-eminently a matter for the States, and there is a strong judicial policy

---

[2] Failure to maintain proof of insurance is a misdemeanor in South Carolina. S.C. Code Ann. § 56-10-225.



against federal interference with state criminal proceedings.") (citing Meas v. California, 489 U.S. 121 (1989)) (quotations omitted).

Also, Tucker failed to file the necessary state court documents required by § 1455(a) and she also failed to demonstrate the matter was timely removed pursuant to § 1455(b)(1). Bowen v. State, 194 F.3d 1303 (4th Cir. 1999) (Table) (finding district court did not err in failing to remand attempted removal of state prosecution where the removal was untimely). Because Tucker fails to establish that the court has jurisdiction over this matter, the court finds the matter should be dismissed and remanded to the City of Columbia Municipal Court. See 28 U.S.C. § 1455(b)(4) ("The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."); see also North Carolina v. Dupree, 521 F. App'x 181 (4th Cir. 2013) (Table) (finding district court lacked subject matter jurisdiction over removal of state criminal prosecution because defendant did not make the requisite showing for removal under § 1443, and thus, remand to state court was appropriate); Commonwealth of Va. v. El, Civil Action No. 3:16cv128, 2016 WL 4507814, at *3 (E.D. Va. Aug. 26, 2016) (collecting cases).

### III. Conclusion

Accordingly, the court recommends this matter be remanded to the City of Columbia Municipal Court.

August 11, 2017  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).